IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| HOSIE THOMAS SMITH | § | |
| VS. | § | CIVIL ACTION NO. 4:05cv67 |
| SHERIFF WELDON LUCAS, ET AL. | § | |

### MEMORANDUM OPINION REGARDING VENUE

Plaintiff Hosie Thomas Smith, an inmate confined at the Ramsey I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Weldon Lucas, Sergeant Chapell, Corporal Govan, Unknown Dwyer, Nurse Mike, Mrs. Wolf, Dr. Robert Connaughton, Dr. G. Lavell Mizer, Warden McKnight, Warden Scott, Dr. Muldowney, P.A. Dimas, Dr. Danny Adams, and Kevin Hanna.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff complains of being denied adequate medical attention while confined at the Denton County Sheriff's Department Jail Facility. Additionally, plaintiff complains of being denied adequate medical attention following his transfer to the Ramsey I Unit of the Texas Department of Criminal Justice.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff claims defendants Warden McKnight, Warden Scott, Dr. Muldowney, P.A. Dimas, Dr. Danny Adams, and Kevin Hanna are all employed at the Ramsey I Unit. The Ramsey I Unit is located in Rosharon, Texas in Brazoria County.

All of plaintiff's claims against defendants Warden McKnight, Warden Scott, Dr. Muldowney, P.A. Dimas, Dr. Danny Adams, and Kevin Hanna arose at the Ramsey I Unit. Further, none of these defendants reside in this district. Such defendants are employed at the Ramsey I Unit, in Brazoria County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Brazoria County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Brazoria County is in the Galveston Division of the Southern District of Texas. As Brazoria

County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper as to these defendants.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against defendants Warden McKnight, Warden Scott, Dr. Muldowney, P.A. Dimas, Dr. Danny Adams, and Kevin Hanna should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this __10__ day of __June_____, 2005.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE